Antoine L. Alaj v. Commissioner.
Alaj v. Commissioner
Docket No. 21521.
United States Tax Court
1951 Tax Ct. Memo LEXIS 204; 10 T.C.M. (CCH) 543; T.C.M. (RIA) 51568; June 11, 1951
*204 1. Petitioner has failed to sustain the burden of establishing that respondent did not correctly compute his taxable net income for the calendar year 1946. 2. The imposition of the negligence penalty of five per centum, under section 293 (a), Internal Revenue Code, is approved. Antoine L. Alaj, pro se. Paul E. Waring, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in income tax and penalty for the calendar year 1946 in the amounts of $774.42 and $38.72, respectively. The sole issue is whether the respondent correctly computed petitioner's taxable net income for the year 1946. Findings of Fact Petitioner is an individual. His return for the period involved was filed with the collector of internal revenue for the district of Virginia, at Richmond, Virginia. During the period 1935 to November 23, 1945, petitioner operated a small winery at Arlington, Virginia, known as "Old Dominion Vineyards," as a sole proprietorship. On September 1, 1945, petitioner executed a 90-day note to the Arlington Trust Company, Inc., in the face amount of $2,000. On September 15, 1945 he *205 paid $39.60 and on November 17, 1945 he paid $63.75 on this note, leaving a balance due on the last mentioned date of $1,896.65. This note is endorsed "Paid - Nov. 30-1945." As of November 23, 1945, an "Agreement" bearing date of January 4, 1946 was entered into between Antoine Louis Alaj, trading as "Old Dominion Vineyards," party of the first part, and Norman R. Pond, party of the second part. This agreement reads in part as follows: * * *
"Whereas the party of the first part is unable to continue in his business because he has not sufficient capital and is indebted to the Arlington Trust Co., Inc., Arlington, Virginia, in the sum of $1,896.65 as is evidenced by his note now held by the said bank, and to John E. Fowler in the sum of $1,644.54 for rent of the premises in which the party of the first part is now operating his winery, and whereas the Arlington Trust Co., Inc., John E. Fowler, and party of the first part have agreed that it is to the best interests of all of the parties that the party of the second part be appointed manager of the Old Dominion Vineyards with full and exclusive power to conduct said business until such time as the indebtedness of the Arlington *206 Trust Co., Inc., and John E. Fowler shall have been liquidated. * * *
"Party of the first part agrees that he will not contract any indebtedness during the existence of this agreement. "Party of the first part is to remain actively employed in the business of manufacturing the products for sale, also is to assist in making sales, all under the direct management of the party of the second part, with a total drawing account for party of the first part of forty dollars a week. "Said party of the second part shall receive as his compensation five per cent of all moneys collected. "This agreement is to continue in effect until all indebtedness to Arlington Trust Company and John E. Fowler is satisfied." * * *
During the period November 23, 1945 to August 6, 1946, Pond operated, as manager, the business of Old Dominion Vineyards, in pursuance of this agreement. On November 30, 1945, petitioner signed a new 90-day note, replacing the note of September 1, 1945, payable to the Arlington Trust Company, Inc., in the amount of $1,896.65. This note bears the endorsement "Paid." On December 5, 1945, petitioner executed a 90-day note payable to the Arlington Trust Company, *207 Inc., in the face amount of $3,000, and on December 6, 1945 received from the Arlington Trust Company, Inc., the sum of $1,000, which amount was deposited in a joint account maintained at the Arlington Trust Company, Inc., entitled "Old Dominion Vineyards by Antoine L. Alaj and Norman R. Pond, Sr." A payment in the amount of $65.43 was made on the note dated December 5, 1945, leaving a balance on that date of $2,934.57. This note is stamped paid. On March 15, 1946 petitioner executed a new note payable to the Arlington Trust Company, Inc., in the amount of $2,934.57. On December 5, 1945, petitioner executed an "Indenture" with Harry R. Thomas and Alan B. Prosise, Trustees, as security for his note dated December 5, 1945 in the face amount of $3,000, payable to the Arlington Trust Company, Inc. On July 16, 1946, the Arlington Trust Company, Inc., filed an "Attachment" proceeding against Antoine L. Alaj and Antoine L. Alaj, trading as Old Dominion Vineyards, in the Circuit Court of the County of Arlington, Virginia, for the collection of the amount of $2,934.57 due on the note of March 15, 1946, with interest from March 15, 1946. On July 16, 1946, an "Attachment" proceeding was *208 similarly filed against Antoine L. Alaj and Antoine L. Alaj, trading as Old Dominion Vineyards, on behalf of John E. Fowler to recover the amount of $3,486.47. On August 6, 1946, the Paulsam Distributing Company executed an offer to purchase all the equipment and all wines from Antoine Alaj, trading as Old Dominion Vineyards, for the sum of $7,555.65. The offer to purchase provides as follows: "August 6, 1946 "For a consideration of $7,015.65, due to Arlington Trust Company and John E. Fowler, as follows: Arlington Trust Com-
pany
$2,934.57
Interest
63.46
Attorney's fees
266.85
Court Cost Deposits
15.00
Sheriff
50.00
Total
$3,289.88
Due John E. Fowler
$3,486.47
Court Cost Deposits
15.00
Attorney's fee
174.30
Sheriff
50.00
Total
$3,725.77
Total amount combined
$7,015.65
"We, Sam Barocas and George Winnick, trading as Paulsam Distributing Company, agree to purchase all equipment and all wines from Antoine Alaj, trading as Old Dominion Vineyards, not incorporated. We will go through this agreement on the following terms and conditions: 1 - That Mr. Fowler will accept our note for six (6) months in the amount of $7,015.65, covering *209 the above two items, for which we will reduce the above at the rate of $1,169.27, plus interest not to exceed 4 per cent. 2 - That we will be permitted by Mr. Fowler to operate the winery at its present location, paying the same rent as the Old Dominion Vineyards through September 15, will vacate then if possible or by October 15, 1946, at the latest. 3 - That Mr. Antonelli accept $540.00 instead of $900.00 originally owed by Mr. Alaj. 4 - That Mr. Alaj will render his services to us until all the wines are liquidated and equipment moved to our warehouse in Alexandria for which we will pay Mr. Alaj 25 cents per case for bottling wines now in the winery. A check in the amount of $200.00 will be advanced upon signing which is to apply against the 25 cents per case. A check in the amount of $1,000.00, certified, will be deposited with the bank to be turned over to him when all wines are liquidated and upon complete removal of all equipment. 5 - That Mr. Alaj will agree to let us use the title of Old Dominion Vineyards through a special permit authorized by the Alcoholic Tax Unit, temporarily until our applications are turned in to the proper authorities and permits issued under *210 our name and new title. 6 - Any parts of equipment that would not be useful to Sam Barocas and George Winnick will be turned over to Mr. Alaj. Respectfully submitted, Paulsam Distributing Company by Sam Barocas (Partner) George Winnick (Partner)" The offer of the Paulsam Distributing Company, with petitioner's consent, was accepted, and the amount of $7,555.65 ($7,015.65 plus $540, the debt to Antonelli) was received by John E. Fowler. The proceeds were applied to the payment of the indebtedness of petitioner to the Arlington Trust Company, Inc., to Fowler, individually, and to Antonelli. The said amount was not recorded on the books of Antoine L. Alaj, trading as "Old Dominion Vineyards." On August 19, 1946 the Arlington Trust Company and John E. Fowler each obtained an order from the Circuit Court of Arlington County, Virginia, dismissing their respective attachment proceedings. During the period January 1, 1946 to July 16, 1946, the operations of the business of Old Dominion Vineyards by Norman R. Pond under the aforementioned agreement signed January 4, 1946, effective as of November 23, 1945, resulted in a loss, per books, of $468.47, arrived at as follows: Gross Sales
$21,271.50
Less: Discount on Sales
82.84
Net Sales
$21,188.66
Less: Cost of Manufacture
$16,400.73
Miscellaneous Expense
638.40
Payroll
538.41
Revenue Stamps and
Licenses
1,832.18
Social Security Taxes
5.43
Pond's Fees
1,200.40
Pond's Expenses
241.58
Rent
800.00
21,657.13
Loss from operations (per book)
$ 468.47
*211 In his notice of deficiency, the respondent determined that the Paulsam Distributing Company acquired from petitioner 653 cases of wine on hand and 9,000 gallons of wine in vats. Of the total amount of $7,555.65 received from the sale of the wines and equipment, the respondent allocated $3,555.65 as having been received from the sale of the wine inventory and the remaining $4,000 as having been received from the sale of the equipment. The cost of the wine purchased by petitioner during 1946 was charged to expense. In determining the taxable net income from the operation of the business during the year 1946, the respondent determined that the $3,555.65 was ordinary income. From this amount he deducted the amount of $468.47, the loss shown on the books from operation during that year, leaving net taxable income from the business during that year of $3,087.18. The respondent also determined that the amount of $4,000 received from the sale of the equipment was subject to the capital gains provisions of the Revenue Act. Since petitioner had no records showing his cost basis of the equipment, the respondent determined that the cost had either been taken as an expense or had been fully *212 depreciated prior to 1946, and included the amount of $2,000 as a long-term capital gain. The respondent also included, in determining petitioner's taxable net income for 1946, the amount of $300 in wages which petitioner had received from the Paulsam Distributing Company and which had not been reported on his return for that year. On his return for the year 1946 petitioner reported the single item of $43.77 as the net profit from the operations of the Old Dominion Vineyards. The respondent assessed a negligence penalty of five per centum, in the amount of $38.72. Opinion The sole issue presented is whether the respondent correctly computed petitioner's taxable net income in the calendar year 1946. Petitioner appeared on his own behalf to contest the deficiency. He is of foreign birth and speaks broken English. Although the Court experienced considerable difficulty in understanding petitioner, every reasonable effort was made to assist him in presenting his position in the controversy. Petitioner made no attempt to introduce into the record any amounts contrary to those presented by the respondent, which are set forth in our findings of fact. From the record and the briefs *213 filed by petitioner, it appears that he takes the position that the business conducted by him under the name of the Old Dominion Vineyards was sold by his creditors, without his consent, for less than its true value; that he, individually, received no part of the proceeds, and therefore the proceeds of the sale are not taxable to him. The documentary evidence establishes that in the taxable year involved petitioner was indebted to the Arlington Trust Company, Inc., upon loans, to John E. Fowler for rent and supplies, and to other creditors in an aggregate amount in excess of the proceeds of the sale of the wine and equipment made to the Paulsam Distributing Company on August 6, 1946. The money received from such sale was applied to the discharge of petitioner's indebtedness. This being so, the petitioner constructively received the proceeds, although he did not personally receive the same. Hence such proceeds constituted the receipt of income to petitioner. While petitioner testified that he did not consent to such sale, the evidence appears to us to establish the fact that he did so agree, although perhaps reluctantly, since it is affirmatively shown that he later was employed *214 by the purchaser, for which he received $300 as provided by the contract of sale. On the basis of the record before us, we have found as a fact that the sale was with petitioner's consent. Petitioner makes no contention that the respondent's basis of allocating the proceeds of the sale between capital and noncapital assets was not a proper basis. This record does not disclose any facts that would justify the use of any other basis of apportionment. The purchaser offered a lump sum for both the wine inventory and the equipment, without specifying any amount to be applied against either of such assets. Petitioner does not contest the fact that he received in the taxable year 1946 the sum of $300 as wages from the Paulsam Distributing Company, as provided in the agreement of sale. Petitioner did not report the receipt of such amount in his return filed for the year 1946. On the basis of the entire record, we conclude that petitioner has not established that the respondent did not correctly compute his taxable net income for the year 1946, and for failure of proof we sustain the respondent's determination. It is obvious that petitioner neglected to report the major part of the *215 income he received in the taxable year involved. Therefore the respondent's imposition of the five per centum negligence penalty, under section 293 (a) of the Internal Revenue Code, is approved. Decision will be entered for the respondent.